IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHONDRAY LAMONT MARTIN, ) | Civil Action No.: 2:17-cv-00978-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LARRY CARTLEDGE, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Shondray Lamont Martin, an inmate with the South Carolina Department of Corrections, brought this habeas corpus petition pursuant to 28 U.S.C. § 2254. [ECF #1]. In his petition, he raises two grounds for habeas relief. [ECF #1]. Petitioner is currently incarcerated within the South Carolina Department of Corrections. [ECF #1]. Currently pending before this Court is Respondent's Motion for Summary Judgment [ECF #6] and the Report and Recommendation of Magistrate Judge Mary Gordon Baker. [ECF #11]. The Magistrate Judge recommends that summary judgment be granted in favor of Respondent on all grounds. [ECF #11]. Petitioner responded to Respondent's Motion on June 21, 2017, and thereafter amended that response on June 22, 2017. [ECF #7; ECF #8]. Petitioner also timely filed objections to the Report and Recommendation on January 30, 2018. [ECF #12]. Respondent filed a reply to these objections on February 13, 2018. [ECF #13]. After a review of the pleadings, this Court issues the following Order.

**Background**

A detailed procedural history and factual background is adequately set forth in the Report

1

and Recommendation (the "R&R"). [ECF #11, pp. 1-4]. Briefly stated, in April 2002, the Abbeville County Grand Jury indicted Petitioner on charges of conspiracy, attempted robbery, murder, and possession of a firearm or knife during the commission of a violent crime. [ECF #5-7, App. 1467-1475]. On March 20, 2004, a jury found Petitioner guilty of murder, criminal conspiracy, and possession of a weapon during a violent crime. [ECF #1, p. 2]. That same day, Petitioner was sentenced to life in prison. [ECF #1, p. 2]. Petitioner then appealed his conviction to the South Carolina Court of Appeals by way of an *Anders* brief, as well as by raising other pro se issues. [ECF #1, p. 3].[1] The South Carolina Court of Appeals dismissed his appeal in an unpublished opinion on May 17, 2007. [ECF #1, p. 3]. Petitioner filed a motion to reconsider, but the South Carolina Court of Appeals denied his request on June 28, 2007. [ECF #11, p. 2]. The Court of Appeals issued its remittitur on August 3, 2007, which was received by the Abbeville County Clerk of Court on August 10, 2007. [ECF #5, p. 4]. The clerk's file does not appear to contain a file-stamped copy of the remittitur. [ECF #5-14].[2]

After the receipt of remittitur, Respondent and Petitioner disagree on whether the filing of Petitioner's application for post-conviction relief ("PCR") was filed in a timely manner. [ECF #1, p. 4]. The only file-stamped, fully notarized copy of a PCR application in the record is dated September 29, 2009. [ECF #5-6, App. 1273].[3] On this date, the PCR application would be considered untimely under state law. However, Petitioner contends the application should have been filed on June 23, 2008.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] This Court notes that neither party has raised an issue regarding the filing or docketing date of the remittitur.

[3] This Court notes that in some places within the briefing, the PCR application date for filing is listed as September 28, 2009. The date stamp on the document is September 29, 2009.

2

According to Petitioner, on June 23, 2008, he drafted a PCR application to be sent to the Abbeville Clerk of Court. Plaintiff also states that he mailed his "brief/motion" on June 23, 2008. [ECF #5-7, App. 1368]. In late May of 2009, approximately ten months after Petitioner alleges he believed his PCR application had been filed, Petitioner sent a letter requesting a status update from the clerk's office. At that time, he learned that his application had not been filed, and the clerk's office corresponded with him about the proper filing of a PCR application. Subsequently, the clerk's office found an application dated June 23, 2008, however this document was not notarized, as required by statute. The PCR application found in the file did not contain an envelope or any form of receipt showing the date it was received by the clerk's office. In fact at the PCR hearing, Petitioner testified that while he believed he sent the application through the certified mailing process on the same day he drafted the application, he did not have any proof in the form of a return receipt or date-stamped envelope showing he did in fact file his application prior to the one-year statute of limitations. [ECF #5-17, p. 8].[4] The clerk's office returned the document to him with instructions on filing a proper application in August of 2009. [ECF #5-6, pp. 1331]. However, by this date the statute of limitations had expired.

On December 21, 2011, A Conditional Order of Dismissal was entered, indicating that the court intended to dismiss the action because it was time-barred. [ECF #5-6, App. 1293]. In response to this Conditional Order of Dismissal, Petitioner filed a reply and objections dated January 6, 2012, indicating that on July 21, 2008, he "formulated a Motion," apparently referring to his PCR application, instead of the June 23, 2008 date. However, he also states in that same document that "the above-mentioned dates may not clearly reflect true accuracy, as Applicant has

---

[4] Apparently the state court felt it relevant that Petitioner otherwise had a copy of a return receipt or a date-stamped envelope for his other filings to the court.

3

been deprived of his personal property." [ECF #5-6, App. 1300].[5] After the hearing, the PCR application was dismissed with prejudice by the state court. The state court found that Petitioner had failed to meet his burden of proof in that he waited until his time for filing had nearly concluded before filing the original application on his alleged "attempt to file" date, and further, that he did not have actual proof that he attempted to file his application in a timely manner. [ECF #5-7, p. 118]. *See Butler v. State*, 334 S.E.2d 813, 814, 286 S.C. 441 (S.C. 1985) ("[T]he burden of proof is on the Applicant in post-conviction proceedings to prove the allegations in the application."). After appealing this decision, the Supreme Court of South Carolina ultimately denied a petition for writ of certiorari, and on May 3, 2016, the matter was remitted to the lower court. Petitioner filed his petition for habeas relief in this Court on April 14, 2017. [ECF #1]. The Petitioner asserts the following two grounds for relief, as listed verbatim from his petition:

**Ground One:** Improper dismissal of state post conviction relief action on procedural grounds. Improper dismissal precluded petitioner right to raise constitutional challenges to state conviction.

**Ground Two:** Substantive grounds alleged in state post conviction relief proceedings: (See Attachment Sheet #1, 2, 3). Ineffective assistance of trial and appellate counsel; due process; pros. miscond.

The Magistrate Judge considered these grounds, and ultimately recommended that this petition be barred by the applicable statute of limitations in federal court for the filing of a habeas petition, as well as finding that the underlying state court PCR application was also not timely filed. [ECF #11, p. 10]. Petitioner, represented by counsel in this action, filed objections to the R&R. The Plaintiff objects to the Magistrate Judge determination that the state court's finding

---

[5] The reply, providing July 21, 2008 as the mailing date was signed by Petitioner, rather than a counsel of record.

regarding the filing date of the PCR application was supported by evidence, and objects to the finding that equitable tolling should not apply. [ECF #12, p. 1]. This matter is now before the Court for disposition.

**Legal Standards of Review**

I. **Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

II. **Summary Judgment Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B)

5

showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Respondent moves for summary judgment and seeks dismissal of Petitioner's § 2254 petition arguing Petitioner is procedurally barred from seeking the requested habeas relief. Petitioner set forth two grounds for relief in his § 2254 petition. In the motion seeking summary judgment, Respondent argues that ground one, alleging the PCR application was improperly dismissed, is not cognizable in a habeas petition because alleged defects in state court proceedings are collateral to the conviction or sentence. [ECF #5, p. 17]. Respondent also argues that ground two, alleging ineffective assistance of both trial and appellate counsel, due process claims and prosecutorial misconduct, is procedurally defaulted because the state court has not ruled on these claims. [ECF #5, pp. 17, 21]. Moreover, Respondent argues that even if they are not procedurally defaulted, these claims are vague or otherwise not meritorious arguments. [ECF #5, p. 22-23].

### III. Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's claims, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*,

6

521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding"). However, AEDPA also provides that a person "in custody pursuant to the judgment of a state court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Respondent argues, and the Magistrate Judge agrees, that Petitioner did not timely file his petition for habeas relief. This argument is based in large part on the state law's determination that Petitioner failed to timely file a PCR application. Petitioner's response is that he did in fact file a timely PCR application, and equitable tolling should apply in his case to allow him to file this petition.

## **Discussion**

As stated earlier, AEDPA provides a one-year statute of limitations to file for federal habeas relief. 28 U.S.C. § 2244(d)(1). The federal time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the time period is tolled during the time a "properly filed application for state post-

7

conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The Magistrate Judge found that Petitioner was convicted on March 20, 2004, and his direct review of his conviction concluded on August 3, 2007 (this Court notes that even using the August 10, 2007 date of receipt by the clerk's office would not alter the analysis). Because Petitioner did not file his PCR application until September 29, 2009, approximately 787 days expired after the direct review concluded. The PCR application filed on this date would be considered untimely, and Petitioner would not be entitled to the statutory tolling period provided under 28 U.S.C. § 2244(d)(2). Accordingly, Petitioner would be outside the limitations period for the filing this habeas petition. Respondent's objection can be summed up accordingly: the Magistrate Judge is incorrect in finding that the record supported the state court's finding that the PCR application was filed on September 29, 2009 rather than June 23, 2008. Petitioner's argument is that the discovery of the application, dated June 23, 2008, "proves" the application was timely filed. This Court rejects this reasoning.

This Court generally does not question a state court's application of a procedural rule in a state PCR proceeding. *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998). Nonetheless, Petitioner argues that because of the rejection of his PCR application on statute of limitations grounds, he was unable to bring his substantive claims before the state court. The record shows that Petitioner "believed" that he must have mailed the application out on the same date that he believes it was drafted. However, Petitioner states in a brief to the state court that the date this application was mailed to the clerk's office was July 21, 2008, approximately fourteen days before the filing deadline, and a different date than the date the document was drafted. The initial

8

application was also defective in that it was not notarized, thus it was not in proper form to be filed whenever it was that Petitioner mailed it to the state court. It was incumbent upon the Petitioner to meet his burden of proving that the application had been timely filed. Moreover, the state court specifically considered this argument, granted Petitioner a hearing, and thereafter determined that Petitioner did not prove that he filed a timely, proper application in the applicable limitations period. The fact that Petitioner drafted the document on a certain day does not affirmatively prove that he placed it in the mail that same day. The state court's determination that the document was not properly filed on this date is presumed correct, and Petitioner has not rebutted this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).[6] Nor is this decision contrary to or involving an unreasonable application of federal law or based on an unreasonable determination of the facts presented in state court. Accordingly, the underlying state court decision's that the PCR application was not properly and timely filed, and the statute of limitations expired prior to bringing the claims brought in the PCR application does not warrant federal habeas relief, nor does it toll the period upon which Petitioner could have filed this current petition for habeas relief. Therefore, this petition for habeas relief is also untimely under the applicable one year statute of limitations, because the time period from conclusion of direct review until the filing date exceeds one year.

Similarly, Petitioner argues that he should be entitled to the application of the doctrine of equitable tolling as to both his state and federal actions for relief. However, regardless of the correct filing date of the PCR application (either June 23, 2008 or September 29, 2009), the

---

[6] Petitioner argued, and the Magistrate Judge agreed that even assuming Petitioner timely filed his application, and the tolling time was applied, this petition for habeas relief would still be untimely. Assuming Petitioner filed his application on June 23, 2008, and tolling the time period from then until May 6, 2016, approximately 345 days passed prior to the PCR application date filing, and another 343 days passed until the filing of this petition, which is well over one year.

9

federal habeas petition is still untimely and equitable tolling does not apply. A petitioner is entitled to equitable tolling if he shows: (1) he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Garden variety claims of attorney negligence do not usually warrant equitable tolling. *Id.* at 652 (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 90 (1990). The Magistrate Judge recommends finding that Petitioner did not diligently pursue his action in state court. In the underlying case as previously mentioned, the state court considered the fact that Petitioner had no proof of filing his application, despite otherwise having date-stamped envelopes for his other filings, and the fact that he did not inquire about his petition for nearly another year before contacting the court regarding his application. The Magistrate Judge therefore recommended finding that Petitioner had not pursued his rights diligently nor was there any other extraordinary circumstance that stood in the way to otherwise prevent filing. As previously discussed in this Order, this Court's review of the record shows that it is only Petitioner's allegation that supports a finding that he pursued his rights diligently. Petitioner's objection is that the clerk should have timely notified Petitioner of the rejection of the application that was not properly notarized, however that argument again assumes the application was presented in a timely fashion.

As to Petitioner's argument equitable tolling should apply to allow Petitioner to present this claim before this Court because his attorney did not effectively communicate the deadline to him, this Court notes that Petitioner did not specifically object to the recommendation of the Magistrate Judge that this argument did not provide for equitable tolling, either. However, a review by this Court of Petitioner's equitable tolling argument also leads to the conclusion that

Petitioner is not entitled to such relief. Petitioner explains that his counsel sent him a letter notifying him of his rights to file for relief in this Court. Petitioner alleges that he misinterpreted the letter, and contends that his counsel should have foreseen that he would not understand the letter because of his limited education. The letter explains that there is a one-year statute of limitations for filing an application for writ of habeas corpus in federal court. [ECF #10, p. 5]. Further, it provides, "please be aware that the time between your direct appeal becoming final, and the date your PCR application is filed will count against your federal habeas statute of limitations." [ECF #10, p. 5]. Finally, it says, "this limitation is strictly enforced" and to contact the attorney if he had any questions. [ECF #10, p. 5]. This Court, in reviewing the record, finds that Petitioner has not made a proper showing that he did not timely file his petition in this Court because he was misled by the appellate defender, such that equitable tolling would apply. Accordingly, this Court agrees with the Magistrate Judge's recommendation that this petition must be dismissed in its entirety for failing to timely file within the limitations deadline for habeas relief.

Petitioner's substantive grounds brought in Ground Two in his petition must therefore also be dismissed as not having been properly presented to the state court. In the state court, because the state court found that the PCR application was not timely filed, petitioner's claims alleged in Ground Two were never presented to the state court. In order for a petitioner to seek relief pursuant to 28 U.S.C. § 2254, a petitioner must have presented his or her claim to the state's highest court with authority to decide the issue prior to requesting federal review of the claim. Petitioner conceded this point in his petition when he states, "these allegations were never reached due to the circuit court's ruling on procedural grounds." [ECF #1, p. 8]. The Magistrate Judge

did not specifically address the substantive grounds, and Petitioner has not made objections regarding the dismissal of these grounds. Further, Petitioner did not provide a response to Respondent's arguments that the substantive grounds must all fail on the merits as a matter of law. However, having conducted a de novo review of the state court record, this Court concludes that these grounds were not timely brought, and thus not considered by the state court pursuant to 28 U.S.C. § 2254. Therefore, these claims are not cognizable for review.[7]

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate

---

[7] Petitioner generally alleges ineffective assistance of trial counsel and of appellate counsel; allegations of trial court error; prosecutorial misconduct; and insufficiency of the evidence to convict. Respondent argues in its motion seeking summary judgment that Petitioner did not meet his burden under either prong of *Strickland v. Washington*, 466 U.S. 668 (1984) for his ineffective assistance claims. Respondent argues Petitioner's allegations of trial court error have never been raised to any state court, except one which was previously dismissed on direct appeal. Respondent argues the allegations of prosecutorial misconduct were not raised during direct appeal and would have therefore been dismissed in a state PCR action, nor has he made a showing of selective prosecution. Finally, Respondent argues that as to Respondent's argument that the state failed to submit sufficient evidence to convict him, Respondent argues the record support the claims that were presented to the jury.

12

Judge in the Report and Recommendation, this Court overrules Petitioner's objections [ECF #12] and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. [ECF #11].

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF #6] is **GRANTED**, and Petitioner's habeas petition [ECF #1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Florence, South Carolina  
March 26, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge